# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara L. Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

November 25, 2025

**By ECF**
Hon. Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

The Government shall file a response no later than **December 2, 2025**, at **noon**. The Clerk of Court is directed to terminate ECF No. 153 in 14-CR-109 and ECF No. 35 in 24-CR-400.

SO ORDERED.

November 25, 2025

Re: **United States v. Sharmell Cunningham**
    **14-Cr-109, 24-Cr-400 (JMF)**

Dear Judge Furman:

    I write to request that the Court permit Sharmell Cunningham to enter a guilty plea to specification one, and a *nolo contendere* plea to specifications two through four, of the pending VOSR petition in the above-captioned dockets. The government objects; however, the government's consent is not required.

    Counts two through four of the VOSR petition allege that Mr. Cunningham committed new state crimes while on supervision. Mr. Cunningham is currently being prosecuted in the state but is only detained on the instant federal matter. As explained below, Mr. Cunningham's state lawyer has advised me that the resolution of the state case depends on how the federal case resolves. Since entering a traditional admission to the entire VOSR petition would require Mr. Cunningham to allocute to conduct that is currently the basis of a state indictment, it is requested that the Court permit Mr. Cunningham to enter a *nolo contendere* plea. Granting that request would permit Mr. Cunningham to expeditiously accept responsibility, and would save the Court and government the time and cost of an unnecessary hearing.

## I.     BACKGROUND

    On April 14, 2025, Sharmell Cunningham – who has long suffered with addiction, homelessness, and mental health issues – was released from federal custody and began a three-year term of supervision.[1] Probation alleges that, after coming to its office that day, Mr. Cunningham stopped reporting as required.

    On June 24, the NYPD arrested Mr. Cunningham. He was subsequently charged with state crimes in two separate complaints in New York County. The first complaint charged him with third-degree grand larceny and third-degree criminal possession of stolen property based on allegations that

---

[1] Mr. Cunningham is on supervision in relation to two cases. On May 4, 2015, the Court sentenced Mr. Cunningham on docket 14-Cr-109 to 132 months' imprisonment with three years of supervision following a Hobbs Act robbery conviction. On October 30, 2024, Judge Castel sentenced Mr. Cunningham on docket 24-Cr-400 to four months' imprisonment with three years of supervision.

he shoplifted makeup products from a store several times.  The second complaint charged him with fourth-degree criminal possession of stolen property based on allegations that he took a credit card from someone's bag that had been left unattended for an hour on a street corner.

The state court released Mr. Cunningham at his arraignment, but he was immediately taken into federal custody on the instant VOSR matter and detained.  He remains on release status in the state.  Mr. Cunningham was subsequently indicted in the state on the grand larceny charges related to the stolen makeup, but the credit card theft charges remain unindicted.  The grand larceny indictment was recently dismissed due to factual deficiencies in the grand jury presentation, but the government has informed me it believes the District Attorney's Office has re-presented to cure those deficiencies.

I have been in communication with Mr. Cunningham's state lawyer at the Legal Aid Society.  She is hopeful that Mr. Cunningham will be assessed for a drug treatment program and potentially able to resolve his state court matters through participating in an alternative to incarceration program.  She has advised me, however, that the obstacle to having Mr. Cunningham assessed is the pendency of his federal VOSR matter.  In other words, Mr. Cunningham needs to first complete any period of imprisonment associated with a sentence on his VOSR matter before he can resolve his state matters.  The state lawyer has advised me that once Mr. Cunningham has finished serving whatever term of imprisonment the Court imposes, he may be able to complete an assessment for drug treatment.[2]

Mr. Cunningham informed me of his wish to promptly accept responsibility in federal court and begin serving whatever sentence the Court imposes.  Entering a traditional guilty plea to the VOSR petition, however, would require him to provide a formal, on-the-record admission to the very conduct for which he is currently being prosecuted in state court.  I consulted with the government and proposed several different options that would allow Mr. Cunningham to accept responsibility for violating his supervision without requiring him to formally confess to multiple unresolved state felonies.  The government rejected every proposal.

## II. THE COURT SHOULD PERMIT MR. CUNNINGHAM TO ENTER A *NOLO CONTENDERE* PLEA TO SPECIFICATIONS TWO THROUGH FOUR

Mr. Cunningham's case is in an atypical posture.  As the Court is aware, defendants who are charged with VOSRs based on new state arrests typically prefer to wait until the state cases resolve before entering admissions in federal court.  The reasons for that are obvious: state felonies typically carry much higher potential sentences than the advisory guidelines range for VOSRs, and defendants would be ill-advised to admit to state conduct before their state prosecutions have concluded.  Mr. Cunningham, however, is in a unique position: he has the possibility of resolving his state cases with a drug treatment program he desperately needs, but he cannot be assessed for that program until he is sentenced in federal court.  In other words, for Mr. Cunningham the federal matter must resolve first.  But the government is insisting that, to resolve the federal matter, Mr. Cunningham must confess to state conduct that is the subject of pending felony charges.

This is precisely the type of situation for which a *nolo contendere* plea is designed.  The Federal Rules of Criminal Procedure contemplate three types of pleas: "not guilty, guilty, or (with the court's

---

[2] The government has informed me that it believes the state prosecutors currently intend to oppose an alternative to incarceration program.  It is not clear the state prosecutors' consent is necessary for such a disposition in the state, however, or that their position will remain the same following an assessment.

consent) *nolo contendere*." Fed. R. Crim. P. 11(a)( 1) .[3] A *nolo contendere* plea allows a defendant to accept punishment without formally admitting guilt. It has long been recognized in federal court. *Hudson v. United States*, 272 U.S. 451 (1926). "Throughout its history . . . the plea of *nolo contendere* has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency." *North Carolina v. Alford*, 400 U.S. 25, 35 n. 8 (1970). It stands on precisely the same footing as a guilty plea. 18 U.S.C. § 3673(1). T he only difference is that it does not require an admission that can then be introduced at a subsequent criminal proceeding. Fed. R. Evid. 410(a)(2); Fed. R. Crim. P. 11, Advisory Comm. Note to 1974 Amends.

The government's consent is not required for a defendant to enter a *nolo contendere* plea. Rather, the Court must "consider the parties' views and the public interest in the effective administration of justice." Fed. R. Crim. P. 11(a)( 3). Whether to accept such a plea is entirely within the Court's discretion; there is no set list of factors, and "the balancing of the interests is left to the trial judge." *Id.*, Advisory Comm. Note to 1974 Amend.

Here, Mr. Cunningham has a compelling interest in entering a *nolo contendere* plea to specifications two through four.[4] He wishes to resolve his federal supervised release violation so that he can be assessed for an alternative to incarceration program in the state involving drug treatment he badly needs. But he would be ill-advised to resolve his VOSR matter by formally admitting to that felonious conduct in federal court: were a drug treatment resolution to fall through in the state, he would then be left with an on-the-record confession to crimes carrying years in state prison. That essentially leaves him with two options: having a hearing or entering a *nolo contendere* plea. Mr. Cunningham wants to accept responsibility and does not wish to put the Court or government to the burden of holding a violation hearing. A *nolo contendere* plea is the way to accomplish that.

A *nolo contendere* plea also makes sense from an efficiency perspective, particularly in this time of disastrous budgets and government shutdowns. The alternative to a *nolo contendere* plea is to have a violation hearing as soon as possible – a hearing that Mr. Cunningham does not currently intend to meaningfully contest. It makes little sense for the Court, government, and Probation to spend time, resources, and money conducting an evidentiary hearing that would result in precisely the same outcome as a *nolo contendere* plea.

Given Mr. Cunningham's unique procedural posture, the quandary he faces in his desire to accept responsibility, the benefit to him of a potential drug treatment program in the state, and the waste of time and resources that a violation hearing would involve, "the public interest in the effective administration of justice" weighs in favor of a *nolo contendere* plea on specifications two through four. The non-violent allegations against Mr. Cunningham in state court involve textbook crimes of poverty and addiction: shoplifting, and taking a credit card from a bag left abandoned on the street. Mr. Cunningham has been in federal custody for five months now, and the bottom end of the guidelines

---

[3] Although the Second Circuit has held that certain aspects of Rule 11, such as a voluntariness colloquy, do not apply to supervised release proceedings, *United States v. Pelensky*, 129 F.3d 63, 68 (2d Cir. 1997), that does not mean that *nolo contendere* pleas are not permitted for VOSRs. In fact, while it is Rule 32.1 and not Rule 11 that applies to supervised release violations, many defendants have been permitted to enter *nolo contendere* pleas to resolve VOSR matters. *See, e.g.*, *United States v. Riley*, 602 Fed.Appx. 130, 130 (4th Cir. 2015); *United States v. Aitoro*, 403 Fed.Appx. 748, 750 (3d Cir. 2010); *United States v. Hill*, 394 Fed.Appx. 16, 17 n. * (4th Cir. 2010); *United States v. Grimm*, 421 Fed.Appx. 526, 528 (6th Cir. 2010); *United States v. Spring*, 80 F.3d 1450, 1455 n. 3 (10th Cir. 1996).

[4] Mr. Cunningham is prepared to enter an admission to specification one, which alleges a technical violation.

-4-

range for his alleged supervised release violations is eight months.  He understands that the Court, following a *nolo contendere* plea, may impose a sentence longer than what he has already served.  But he hopes to resolve his federal matter expeditiously so that his state attorney can start preparing for a drug treatment assessment, without putting the parties and Court to the burden of an evidentiary hearing.  It is hard to conceive of a situation in which a *nolo contendere* plea would be more appropriate.

Accordingly, it is requested that, at the upcoming conference scheduled for December 3, the Court permit Mr. Cunningham to change his plea to *nolo contendere* on specifications two through four, and to admit to specification one.

Sincerely,

Michael Arthus
Assistant Federal Defender
212-417-8760

cc. (by ECF): AUSA Remy Grosbard